IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROY MANDELL SMITH, | : |
| Plaintiff, | : |
| | : NO. 5:17-cv-00497-CAR-CHW |
| VS. | : |
| Warden ERIC SELLERS *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Roy Mandell Smith, an inmate confined at the Georgia Diagnostic and Classification Prison, filed a pro se civil rights action seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court found that his allegations failed to state a viable claim for relief and dismissed the Complaint without prejudice. *See* Order of Dismissal, ECF No. 6. Currently before the Court is Plaintiff's Motion for Reconsideration. ECF No. 8.

Under the Local Rules, motions for reconsideration "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "The only grounds for granting [a Rule 59[1]] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*,

---

[1] "A post-judgment motion may be treated as made pursuant to either [Federal Rule of Civil Procedure] 59 or 60-regardless of how the motion is styled by the movant." *Saarbay v. Fla.*, 269 F. App'x 866 (11th Cir. 2008) (alteration in original) (*quoting Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir.1997)). A motion for reconsideration filed within twenty-eight days of judgment should be considered as brought under Rule 59(e). *See Brown v. Spells*, 2011 WL 4543905 (M.D. Ga. 2011).

1

500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

In his motion, Petitioner appears to argue that that (1) his due process rights were violated because the Magistrate Judge did not submit a Recommendation, and (2) Plaintiff exhausted his state court remedies. Plaintiff also references law concerning judicial immunity from the Court's Order of Dismissal and states that it should be interpreted in his favor. 28 U.S.C. § 636 authorizes the Magistrate Judge to conduct certain aspects of the proceedings, but it does not require a Magistrate Judge to do so. In this case, the Magistrate Judge did not submit a recommendation because Plaintiff's case was dismissed by Order of the District Court Judge. Furthermore, the dismissal was unrelated to issue of exhaustion. Plaintiff's arguments and citations do not assert that he has newly discovered evidence or that there was a manifest error of law or fact and are largely not relevant to the reason for dismissal. Plaintiff's attempt to re-raise arguments or improve upon them by presenting them in a better light does not present a valid basis for relief under Rule 59. Moreover, upon review of the record, the Court can discern no error of law or fact which would justify relief.

## CONCLUSION

Because Plaintiff has failed to satisfy the standard under Rule 59, Plaintiff's post-Motion for Reconsideration (ECF No. 8) is **DENIED**.

**SO ORDERED**, this 29th day of May, 2018.

                                         S/ C. Ashley Royal
                                       C. ASHLEY ROYAL, SENIOR JUDGE
                                       UNITED STATES DISTRICT COURT